890 P.2d 628

Diane P. DePASQUALE, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Paul Katz, a judge thereof, Respondent Judge,

Douglas THRASHER, Real
Party in Interest.

No. 1 CA–SA 94–0359.

Court of Appeals of Arizona,
Division 1, Department A.

Feb. 21, 1995.

Peskind Hymson & Goldstein, P.C. by Marilee Miller Clarke, Alexis J. Stanton and Leon B. Silver, Scottsdale, for petitioner.

Bendheim & Whitten, P.C. by Alice L. Bendheim, Phoenix, for real party in interest.

## OPINION

FIDEL, Presiding Judge.

DePasquale brings this action to contest the trial court's interim award of physical custody of her nine-year-old son to Thrasher, the child's father. Without conducting an evidentiary hearing, the trial court changed custody from DePasquale to Thrasher pending a full-scale hearing on Thrasher's petition for permanent change of custody. The court based its order on the recommendation of a court-appointed psychologist, announcing before receiving the recommendation that it would place interim custody with whichever parent the psychologist suggested. We hold that the trial court erred in (1) delegating judicial authority to a court-appointed psychologist, (2) awarding a temporary change in custody without independently determining the best interests of the child, and (3) awarding a temporary change in custody without holding a hearing.

## BACKGROUND

When DePasquale and Thrasher were divorced in 1991, DePasquale was awarded sole custody of their son, and Thrasher was awarded reasonable visitation. In 1993, upon Thrasher's first petition for modification, the respondent trial court awarded the parents joint legal and physical custody, leaving DePasquale the primary physical custodian. ·

On May 11, 1994, in a "Family Study Evaluation—Update" to the trial court, a court-appointed psychologist identified as "issues ... of some concern" DePasquale's failure to communicate with Thrasher, improper administration of the child's medication, and multiple changes in residence. Thrasher then filed a second petition for change of custody with a supporting affidavit incorporating the psychologist's issues of concern.

The trial judge issued a notice that on August 29, 1994, pursuant to Arizona Revised Statutes Annotated ("A.R.S.") § 25–339, he would review the petition to determine whether it set forth adequate cause for a full modification of custody hearing. Although, pursuant to local custom, the trial judge described the August 29 proceeding as a "339 Hearing," it was not in fact a hearing but an in camera review of pleadings at which the parties and lawyers were expressly instructed not to appear.

After completing his § 25–339 review, the trial court issued an order on September 15, 1994, finding adequate cause for a full modification hearing and setting that hearing for February 8, 1995. As intermediate measures, the court referred the parties for mandatory mediation and directed the psychologist to update his study if mediation failed. The trial court added:

> that [the psychologist] shall expeditiously meet with the parties, their child if appropriate, the child's teacher(s), school counselor, and principal as may be necessary, and shall immediately make written recommendations to the Court if immediate changes in school enrollment or child access are warranted. *The Court will adopt [the psychologist's] recommendations as an interim order of the Court until such time as the Order to Show Cause Hearing can be held.*

The psychologist neither met nor communicated with DePasquale but on October 12, 1994, recommended to the trial court that primary physical custody of the child "be immediately transferred to the biological father, Douglas Thrasher."

On October 17, 1994, DePasquale filed an

affidavit contesting Thrasher's allegations.[1] She added that Thrasher was improperly medicating the child, leaving him in day care for extended periods, and otherwise improperly treating the child.

On November 7, 1994, the trial judge adopted the psychologist's recommendation and ordered an immediate transfer of physical custody "to Father with Mother to have reasonable visitation." Thrasher took custody of the child on November 10, 1994, and DePasquale's visitation was limited to six days per month. DePasquale filed this special action on December 30, 1994, and it was considered by the court on January 30, 1995. On January 31, we accepted jurisdiction, denied relief, and advised that an opinion would follow.

### DISCUSSION

*A. Jurisdiction*

■ We denied relief on January 31 because, as we later explain, DePasquale's delay in filing this petition precluded effective relief. We accepted jurisdiction, however, to clarify screening procedures pursuant to A.R.S. § 25–339, to preclude future delegation of transfer decisions to expert witnesses, and to preclude future interim transfers of custody without a hearing.

*B. Section 339 Screening: Contested Hearing or In Camera Review*

■ We first consider DePasquale's argument that the trial court's in camera review did not suffice to satisfy the screening requirements of § 25–339.

When a party petitions a trial court to modify a custody order, the trial court must screen the petition and supporting affidavits to decide whether they state adequate grounds to subject the parties to a full hearing. A.R.S. § 25–339; *Pridgeon v. Superior Court,* 134 Ariz. 177, 181, 655 P.2d 1, 5 (1982). Section 25–339 provides:

A party seeking a modification of any type of custody order shall submit an affidavit or verified petition setting forth detailed facts supporting the requested modification and shall give notice, together with a copy of his affidavit, or verified petition to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the pleadings, in which case it shall set a date for hearing on why the requested modification should not be granted.

The statute requires no hearing at the screening stage; in camera screening suffices to meet its terms. The evident statutory purpose is to spare the parties and the child the cost, disruption, and potential trauma of a full modification hearing unless the petition and supporting documents show "adequate cause." This does not mean trial courts lack discretion to hear argument or take evidence under § 25–339 to better inform their screening decision. Nor are trial courts precluded from requiring appearances at § 25–339 screenings to explore the feasibility of mediation. These are options, however, not requirements; an in camera screening will suffice.

■ We accordingly find that the trial court did not err by limiting its § 25–339 screening to an in camera review. Nor did the trial court abuse its discretion by deciding that Thrasher had presented adequate cause for convening a full hearing pursuant to § 25–332 to consider the best interests of the child. Nor did the trial court err in setting a hearing date, referring the parties for mandatory mediation, and directing a psychologist to update his past family assessment in the event that mediation failed. Petitioner's request that we set aside the trial court's screening determination is therefore denied.

*C. Impermissible Delegation to an Expert*

■ The trial court did err by declaring on September 15, 1994, before the psychologist had even discussed a temporary change .

---

1. Although the psychologist's report was dated October 12, 1994, the copy sent to DePasquale was post-marked October 18, 1994. Her affidavit was not, therefore, responsive to the psychologist's report.

in custody, that the trial court would order whatever interim custody the psychologist might recommend. The court consummated this error by adopting the psychologist's interim recommendation in the court's order of November 7, 1994.

A.R.S. § 25–332(A) states:

*The court* shall determine custody ... in accordance with the best interests of the child. *The court* shall consider all relevant factors. . . .

(Emphasis added.) The statute requires the court to weigh the evidence to determine the best interests of the child. A court may consider expert opinion in making such decisions, but a court can neither delegate a judicial decision to an expert witness nor abdicate its responsibility to exercise independent judgment. The best interests of the child—even on an interim custodial basis—are for the court alone to decide.

### D. Denial of Hearing

■ The trial court also erred by changing custody without a hearing and without the aggrieved parent's consent. No Arizona rule or statute authorizes such an order. Section 25–333 permits a party to move for a temporary custody order and allows the court to "award temporary custody under the standards of § 25–332 *after a hearing*, or, if there is no objection, solely on the basis of the pleadings." A.R.S. § 25–333(A). But in this case, no party moved for a temporary custody order, the court never conducted a hearing, and DePasquale never waived such a hearing. The court's actions were therefore not permissible under § 25–333.

We recognize that a court may face an emergency that requires a temporary change in custody before a hearing may be held or notice given. But in such an event, the court is bound by the strict procedural limits of Rule 65(d), Arizona Rules of Civil Procedure, 16 A.R.S. Rule 65(d) requires the court to "define the injury and state why it is irreparable and why the order was granted without notice" and to set "a hearing at the earliest possible time." A temporary restraining or-

der must expire within ten days and may be extended only for good cause. *Id.* The court followed none of these procedures here.

■ This record reveals no emergency to support a temporary restraining order. The specific instance of overmedication alleged by Thrasher—the most serious allegation against DePasquale—occurred in April 1993, long before the trial court awarded DePasquale primary physical custody in November 1993. Thrasher never requested a temporary restraining order under Rule 65(d); indeed, he did not seek interim custody at all. No one claimed emergency circumstances; the court never found that the child's health or well-being would be threatened if he remained with DePasquale; and the court failed to hold a hearing at the earliest possible time.

The trial court therefore abused its discretion when it changed custody of the child without first conducting an evidentiary hearing to determine the child's best interests. And the trial court compounded this error by failing to hold a hearing "at the earliest possible time." *See id.* Such an error is particularly troublesome in an interim change of custody because it subjects the child to a custodial disruption that may be unfounded and creates the risk that interim custody will solidify into a fait accompli by the time a delayed hearing is convened.

### E. Timeliness

■ Although the trial court erred, DePasquale's counsel did not promptly act to prevent the custodial change and failed to file a special action soon enough thereafter to permit meaningful relief.

On November 7, 1994, the trial court faxed the order changing custody to counsel for both parties. The child moved to his father's home on November 10 and entered a new school on November 14. Counsel for DePasquale did not act until December 2, when they moved in the trial court for a stay—twenty-five days after receiving the court's order and more than two weeks after custody

had changed. They then waited to file this special action until December 30, more than seven weeks after the child changed residence and school, and filed a stay application with this court on January 12, 1995.[2]

DePasquale correctly asserted that she lacked an adequate remedy by appeal; the November 7 order was non-appealable and extended only to the permanent custody hearing on February 8, 1995. *See* Special Actions, Rules of Proc. 1, 17B A.R.S. But by the time DePasquale approached this court for relief, it was too late to restore the parties to their status of November 7. Had we restored physical custody of the child to DePasquale on December 30—or at the stay hearing on January 13—we would merely have subjected the child to a short-term, superseding shift in residence and school, still lacking the critical ingredient of a hearing into the best interests of the child. Under the circumstances, we concluded, a full examination of the child's best interests at the impending hearing on February 8, 1995, offered the best remaining means of relief.

WEISBERG and GARBARINO, JJ., concur.

---

2. Counsel advise that the clerk of this court declined to accept their stay application on December 30, because the trial court had not yet ruled on the petition for stay below. Our clerk would not accept the stay application until January 12, by which time the trial court had denied the application pending in that court. Pursuant to Rule 7(c), Arizona Rules of Civil Appellate Procedure, 17B A.R.S., this court declines to *hear* stay applications until a stay has first been sought in the superior court, and we have instructed our clerk to inform petitioners of this requirement.

It has never been our intention to block *filing* of stay applications, however, or to preclude petitioners from objecting that a trial judge has precluded effective relief by unreasonable delay in acting on a stay. We have therefore corrected our internal filing procedure to make sure that stay applications may be filed when presented with a special action. Our delayed acceptance of the stay petition, however, made no difference in this case. By December 30, when the special action itself was filed, it was already too late for effective relief.