NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KATHRYN ANN LINDSAY STEVENS, *Petitioner/Appellee,*

*v.*

YONAS BERIHUN YOHANNES, *Respondent/Appellant.*

No. 1 CA-CV 13-0395
FILED 08-19-2014

Appeal from the Superior Court in Maricopa County
No. FC2009-071433
The Honorable Michael W. Kemp, Judge

**AFFIRMED IN PART, REMANDED IN PART AND VACATED AND
REMANDED IN PART**

COUNSEL

Mandel Young PLC, Phoenix
By Taylor C. Young
*Counsel for Petitioner/Appellee*

Jones Skelton & Hochuli PLC, Phoenix
By Eileen Dennis GilBride, Jonathan Paul Barnes, Jr.
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1 Yonas Berihun Yohannes (Father) appeals from a post-decree order modifying legal decision-making, parenting time and child support orders, and from an award of attorneys' fees to Kathryn Ann Lindsay Stevens. Because statutorily-required findings were not set forth in the orders, the legal decision-making and parenting time issues are remanded for further proceedings. Because the record does not support the income attributed to Father, the child support order is vacated and remanded for further proceedings. Finally, the award of attorneys' fees is vacated without prejudice to its reassertion on remand.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2 A 2010 consent decree awarded the parties joint legal decision-making and equal parenting time for their minor child.[1] Three months later, Mother filed a petition to modify, seeking sole legal decision-making, a reduction in Father's parenting time and modification of child support. Father filed a petition to modify, seeking sole legal-decision making or, alternatively, final authority to make medical, educational and religious decisions. Father asked the court to limit Mother's parenting time if it found Mother's conduct had a negative impact on the child, and if parenting time was modified, a corresponding modification in his child support obligations.

¶3 The parties mutually agreed to have John Scialli, M.D., complete a comprehensive custody evaluation. The superior court issued a detailed minute entry appointing Dr. Scialli to undertake that evaluation, specifying that he "may make recommendations he . . . determines the Court should consider to promote the physical, mental, moral or emotional

---

[1] The relevant statutes at that time used the term "custody." *See* A.R.S. § 25-402 (2007). Effective January 1, 2013, "custody" was replaced with "legal decision-making," *see* 2012 Ariz. Sess. Laws, ch. 309, § 4 (2d Reg. Sess.), and that phrase is used throughout this decision.

health" of the child. After receiving Dr. Scialli's report, Father retained Philip Stahl, Ph.D., as an expert to address Dr. Scialli's report. The court held an evidentiary hearing to address the competing petitions where Mother, Father, Drs. Scialli and Stahl and others testified.

¶4 After considering the evidence and argument, the superior court "adopt[ed] the A.R.S. § 25-403 analysis of Dr. John Scialli's report of November 29, 2012 (specifically pages 40 through 45)" and Dr. Scialli's "parenting time and holiday schedule." *See* Arizona Revised Statutes (A.R.S.) section 25-403(A) (2014) (directing court to consider "all factors that are relevant to the child's physical and emotional well-being, including" 11 enumerated factors).[2] The court concurred with the analysis and conclusions of Dr. Scialli and parenting coordinator Steven Sheldon and found that "little weight" would be given to Dr. Stahl's competing testimony. The court adopted Dr. Scialli's recommendation that Mother be given sole legal decision-making and that Father have reduced parenting time (on alternating weekends and one overnight each week). The court also modified child support, attributing to Father the average of his last three years of income resulting in an increase of monthly child support, and awarded Mother $5,000 in attorneys' fees. Father unsuccessfully moved to amend the findings; for new trial; to alter or amend the order and for relief from the order. This court has jurisdiction over Father's timely appeal pursuant to A.R.S. § 12-2101(A)(1), (5)(a).

## DISCUSSION

## I.    Modification Of Legal Decision-Making And Parenting Time.

### A.    Finding Of Changed Circumstances.

¶5 Father argues the superior court failed to identify a change in circumstances supporting the modification of legal decision-making and parenting time. "In considering a motion for change of custody, the court must initially determine whether a change of circumstances has occurred since the last custody order." *Pridgeon v. Superior Court (LaMarca)*, 134 Ariz. 177, 179, 655 P.2d 1, 3 (1982). The superior court has broad discretion in deciding whether changed circumstances exist and this court will not disturb such a decision absent an abuse of discretion. *Id.*

¶6 Mother argues Father waived this argument by raising it for the first time on appeal. Although Father's motion for relief did not

---

[2] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

specifically argue the court failed to identify a change in circumstances, Father did request "additional findings" consistent with his proposed findings of fact and conclusions of law, referring to his proposed finding addressing changed circumstances. Because this minimally, but sufficiently, preserved the argument, there was no waiver.

¶7         On the merits, although an order identifying the precise change in circumstances may aid appellate review, such a finding is not required by statute or case law. *See* A.R.S. § 25-411; *see also Pridgeon*, 134 Ariz. at 179, 655 P.2d at 3.[3] This court may "infer the findings necessary to sustain the court's order" when no change in circumstances is identified. *Baker v. Baker*, 183 Ariz. 70, 72, 900 P.2d 764, 766 (App. 1995). Moreover, both Mother and Father requested a modification of legal decision-making and parenting time based on a change in circumstances. On this record, the lack of an express finding of a change in circumstances was not error. *See id.*

### B.  A.R.S. § 25-403 Findings.

¶8         Father argues the court failed to make findings required by A.R.S. § 25-403(A). By statute, in contested legal decision-making or parenting time cases, "the court shall make specific findings on the record about all relevant [best interests] factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). Failure to make the required findings constitutes error. *See Reid v. Reid*, 222 Ariz. 204, 207 ¶ 12, 213 P.3d 353, 356 (App. 2009) (citing cases).

¶9         Mother argues Father waived this issue by failing to raise it with the superior court. The lack of findings regarding A.R.S. § 25-403(A) factors, however, is not waived by a party's failure to raise the issue; "[t]his is because the findings requirement not only allows effective appellate review, but also provides the superior court with necessary baseline information against which to measure future petitions for changes in [legal decision-making]." *In re Marriage of Christopher K.*, 233 Ariz. 297, 301 n.6 ¶ 18, 311 P.3d 1110, 1114 n.6 (App. 2013) (citing *Reid*, 222 Ariz. at 208-10 ¶¶

---

[3] Although Mother relies on A.R.S. § 25-327(A), that statute applies to "[m]odification and termination of provisions for maintenance, support and property disposition," not the modifications at issue here.

16-20, 213 P.3d at 357-59); *accord Nold v. Nold*, 232 Ariz. 270, 272 ¶ 9, 304 P.3d 1093, 1095 (App. 2013). Thus, Father did not waive this argument.[4]

¶10        The superior court did not make specific findings about the A.R.S. § 25-403 best interest factors or the reasons why the decision was in the child's best interests. Instead, the court "adopted the A.R.S. § 25-403 analysis of Dr. John Scialli's report dated November 29, 2012 (specifically pages 40 through 45)." Mother contends this satisfied the statutory requirement for specific findings because Dr. Scialli's report was detailed and thoroughly analyzed each factor. Case law, however, holds that the superior court must exercise its independent judgment and explain why it has done so in determining a child's best interests. *See Christopher K.*, 233 Ariz. at 301 ¶ 20, 311 P.3d at 1114; *Nold*, 232 Ariz. at 273-74 ¶ 14, 304 P.3d at 1096-97. "[T]he responsibility to make the findings is the court's alone." *DePasquale v. Superior Court (Thrasher)*, 181 Ariz. 333, 336, 890 P.2d 628, 631 (App. 1995); *Nold*, 232 Ariz. at 273-74 (same).

¶11        As in *Christopher K.*, the order challenged here incorporated the custody evaluator's report by reference but did not explain the rationale in adopting the report's findings and conclusions, and did not describe the evidence supporting the conclusions adopted. 233 Ariz. at 301 ¶ 21, 311 P.3d at 1114. "'The best interests of the child . . . are for the family court alone to decide.'" *Nold*, 232 Ariz. at 274 ¶ 14, 304 P.3d at 1097 (quoting *DePasquale*, 181 Ariz. at 336, 890 P.2d at 631). Adopting the findings of the custody evaluator by reference and without explanation does not comply with this mandate.

¶12        Mother argues that Dr. Scialli's report satisfies the statutory "specific findings on the record" requirement. Some of the findings in Dr. Scialli's report, however, cannot independently support the conclusion in the order. As an example, Dr. Scialli deferred to the court to determine whether Father intentionally misled the court to cause unnecessary delay, increase the cost of litigation or obtain a favorable ruling. *See* A.R.S. § 25-403(A)(7). Yet the order makes no such determination. Thus, the findings in

---

[4] *Christopher K.* was decided in October 2013 and *Nold* was decided in May 2013, while the order challenged here was issued in March 2013. The parties, however, have not argued that the analysis in *Christopher K.* or *Nold* should not or does not apply. Accordingly, this court applies *Christopher K.* and *Nold* here, recognizing those decisions had not been issued when the superior court issued the March 2013 order.

Dr. Scialli's report do not independently support the conclusion in the order.

¶13        Because the statutorily-required findings were not set forth, the order addressing legal decision-making and parenting time cannot stand. On remand, these issues may be resolved on the existing record or on the record as supplemented, particularly if deemed necessary to obtain additional information about the child's situation and the parent's actions and conduct with the child, in the discretion of the superior court and in compliance with A.R.S. § 25-403(B). In the unique circumstances of this case, however, and to avoid undue disruption of the child's life, the court's legal decision-making and parenting time orders shall remain in place pending the resolution of these issues on remand.

## II.        Application Of Family Law Rule 63(A) To Custody Evaluation.

¶14        Father argues that, under Arizona Rule of Family Law Procedure 63(A), the court could not properly rely on that portion of Dr. Scialli's report referencing Father as having a narcissistic personality disorder. Although the parties make competing non-substantive arguments on this issue -– ranging from Mother arguing Father waived the issue, to Father arguing Mother conceded the issue -- because the same issue will be implicated on remand, this court addresses the issue on the merits. *See Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 94 ¶ 24, 118 P.3d 37, 42 (App. 2005) (citation omitted).

¶15        Father claims the superior court improperly relied on a custody evaluation that failed to comply with the protections of Rule 63(A), which provides:

> **A. Order for Evaluation.** When the mental, physical, or vocational condition of a party or any other person is in controversy, the court may order that person to submit to a physical, mental, or vocational evaluation by a designated expert or to produce for evaluation the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be evaluated (unless the person to be evaluated is a minor child of one or both of the parties), and to all parties and shall specify the time, place, manner, conditions, and scope of

6

the evaluation and the person or persons by whom it is to be made. The person to be evaluated shall have the right to have a representative present during the evaluation, unless the presence of that representative may adversely affect the outcome of the evaluation. The person to be evaluated shall have the right to record by audiotape any physical evaluation. A mental or vocational evaluation may be recorded by audiotape, unless such recording may adversely affect the outcome of the evaluation. A copy of any record made of a physical, mental, or vocational evaluation shall be provided to any party upon request.

Assuming, without deciding, that a stipulation for a custody evaluation is governed by Rule 63(A), Father has failed to show that the court could not properly consider Dr. Scialli's report, including the statement that Father has narcissistic personality disorder.

¶16        By requesting a custody modification, Father placed his mental health at issue because consideration of the mental health of all individuals involved is required by statute. *See* A.R.S. § 25-403(A)(5); *In re Marriage of Gove*, 117 Ariz. 324, 328, 572 P.2d 458, 462 (App. 1977). Thus, there was good cause for the evaluation. In addition, Father stipulated to the evaluation. Moreover, Father cannot complain that Dr. Scialli exceeded the scope of his authority, which included making recommendations he determined the court "should consider to promote the physical, mental, moral or emotional health" of the child and provide "data and opinions relevant to the care of, custody of and access to" the child. In context, Dr. Scialli's reference to Father having narcissistic personality disorder was discussing negative impacts on the child's need for consistent parenting and an opinion that Father could not fathom the child's emotional life, topics clearly within the scope of Dr. Scialli's authority. Furthermore, the order appointing Dr. Scialli met the Rule 63(A) notice requirements and Father received a copy of Dr. Scialli's report as required by Rule 63(A). Father also offered a trial expert to rebut the opinion in Dr. Scialli's custody evaluation, never argued he lacked time to obtain a second mental health evaluation and never claimed how the failure to have a representative present or record Dr. Scialli's evaluation was prejudicial. Father's arguments as to the weight of Dr. Scialli's opinions are for the superior court to consider. On this record, however, Father has failed to show the

superior court could not properly consider Dr. Scialli's report consistent with Rule 63(A), assuming (without deciding) that Rule 63(A) applied.

## III.    Child Support Order.

¶17        Father argues the child support order erroneously attributed a monthly income of $28,826 to Father. *See Little v. Little*, 193 Ariz. 518, 520 ¶ 5, 975 P.2d 108, 110 (1999) (setting forth standard of review). As a result of a corporate merger, Father's prior employment ended in April 2012, with a release package expiring October 30, 2012. At the time of the January 2013 hearing, Father was not working and had no income. Father conceded that he could earn a monthly income of $6,067 in Arizona. Mother acknowledged Father's unemployment and proposed that he pay $1,000 a month in child support until he obtained employment.

¶18        The resulting minute entry correctly noted "wildly different figures regarding Father's income" and then "attribute[d] the average of Father's last three years of income which comes to $345,914.00." Mother contends this was within the court's discretion because Father did not provide any credible evidence that his unemployment was involuntary or that he could not earn the same level of income. Given time constraints, however, the parties presented little evidence relating to Father's income. What is in the record shows that Father's previous employment terminated when his project was completed and not due to voluntary action by Father. Father was told on March 1, 2012 that his position would be eliminated and he began making employment inquiries as early as May 2012. The record shows that, in 2012, Father earned far less than he had in the two prior years:  approximately 63 percent of his 2011 earnings and approximately 66 percent of his 2010 earnings.

¶19        Courts may look at earning capacity and prior work experience in deciding a parent's income for purposes of child support. *Taliaferro v. Taliaferro*, 188 Ariz. 333, 337, 935 P.2d 911, 915 (App. 1996). The superior court was within its discretion to reject Father's claim that the job prospects offering much lower earnings represented his actual earning capacity. *See id.* However, given the disparity of his 2012 earnings when compared to earnings in prior years (and the reason for that disparity), as well as the parties' positions, the record does not support simply attributing an income to Father that was an average of his earnings at his prior position. Accordingly, the child support order is vacated and remanded for further consideration. On remand, the superior court may, in its discretion, allow additional evidence of Father's current income or earning capacity and make any modification that properly follows from the evidence received.

¶20        Father also argues that the child support order is erroneous "on numerous other grounds." Specifically, Father argues: (1) the allocation of the federal tax exemption was not in proportion to the parties' income, *see* Child Support Guidelines § 27, A.R.S. § 25-320, Appendix (Guidelines); (2) because the custody modification was incorrect, the parenting time costs adjustment also was incorrect, *see* Guidelines § 11; (3) the child support order failed to include the cost of medical, dental and vision insurance for the child, *see* Guidelines § 9(A); and (4) Father was entitled to credit for the full amount he voluntarily pays to support another child, *see* Guidelines § 6(D). The first three of these issues will be reconsidered on remand and resolution will depend upon the resolution of the remand on other grounds and, accordingly, those three issues are not further addressed here. The fourth issue, however, presents a legal issue that can be resolved on the record on appeal.

¶21        The parties agree that Father voluntarily and without any court order pays $1,000 a month to support another child not involved in this proceeding. Father also argues that he is entitled to a credit for the additional $523 he pays for this child's insurance. Father's affidavit of financial information shows he paid this amount. Section 6(D) of the Guidelines states that the court *may* deduct from a parent's gross income support paid for a child who is not covered by a court order. "The amount of any adjustment shall not exceed the amount arrived at by a simplified application of the guidelines." Guidelines § 6(D). Thus, the Guidelines make the amount of the deduction discretionary, subject to a cap. *Id.* Father argues the court was required to include the amount he paid for the child's insurance pursuant to *Nash v. Nash*, 232 Ariz. 473, 477 ¶ 11, 307 P.3d 40, 44 (App. 2013). *Nash*, however, involved a child who was the subject of court-ordered child support and, therefore, the court was required to include the amount paid for the child's insurance pursuant to Guidelines § 9(A). *Id.* Father does not pay support for his other child pursuant to a court order. Therefore, Guideline § 6(D) applies, which makes the amount of the adjustment discretionary. Accordingly, the superior court did not abuse its discretion in crediting Father with less than the full amount he pays to support the child who was not covered by a court order.

¶22        This court vacates the child support order and remands for reconsideration of Father's income. Once the superior court determines the appropriate parenting time award and Father's income, it will be in a position to determine the appropriate child support obligation in accordance with the Guidelines.

## IV. Attorneys' Fees.

¶23 The court awarded Mother $5,000 in attorneys' fees based on the disparity in the parties' financial resources and Father's unreasonable positions throughout the litigation. Father incorrectly asserts that fees cannot be awarded pursuant to A.R.S. § 25-324(A) "unless a party takes an unreasonable position during the proceedings." That statute gives the superior court the discretion to award attorneys' fees "after considering the financial resources of both parties *and* the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A) (emphasis added); *see also Mangan v. Mangan*, 227 Ariz. 346, 352-53 ¶ 27, 258 P.3d 164, 170-71 (App. 2011) (recognizing A.R.S. § 25-324(A) requires consideration of both financial disparity *and* reasonableness). That said, given that the legal decision-making, parenting time and child support rulings are remanded, it is unclear whether the fee award was based on grounds independent of those rulings. Accordingly, the fee award is vacated without prejudice to reassertion on remand.

¶24 Both parties request an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324. After considering the parties' financial resources and the reasonableness of the positions taken on appeal, in exercising the court's discretion, both requests are denied.

## CONCLUSION

¶25 Because the statutorily-required findings were not set forth in the orders, the legal decision-making and parenting-time orders are remanded to the superior court for further proceedings. In the unique circumstances of this case, however, and to avoid undue disruption of the child's life, the court's legal decision-making and parenting time orders shall remain in place pending the resolution of these issues on remand. In addition, because the record does not support the income attributed to Father, the child support order is vacated and remanded for further proceedings. Finally, the award of attorneys' fees is vacated without prejudice to its reassertion on remand.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh