NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Marriage of:

DAYNA S. MUNOZ, *Petitioner/Appellee*,

*v.*

ROBERTO A. MUNOZ, *Respondent/Appellant*.

No. 1 CA-CV 16-0020 FC
FILED 12-6-2016

Appeal from the Superior Court in Maricopa County
No. FC2015-003239
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Holly L. Marshall Attorney at Law, Phoenix
By Holly Marshall
*Counsel for Petitioner/Appellee*

Roberto A. Munoz, Glendale
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Acting Presiding Judge Samuel A. Thumma and Judge Mark R. Moran[1] joined.

---

**D O W N I E**, Judge:

**¶1**        Roberto A. Munoz ("Father") appeals from a decree dissolving his marriage to Dayna S. Munoz ("Mother").   For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Mother filed a dissolution petition in March 2015.  Based on allegations Father was suicidal and in possession of weapons, Mother obtained an emergency order without notice, awarding her temporary sole legal decision-making authority and physical custody of the parties' two minor children.  The family court later affirmed the temporary award of sole legal decision-making, but granted Father parenting time and ordered him to submit to drug testing.  At a later hearing, the court ordered Father to comply with the previous drug-testing order by the end of the day and also ordered additional testing.  The court stated it would suspend Father's parenting time if he tested positive for drugs.  Father subsequently tested positive for amphetamines and methamphetamine.

**¶3**        On October 13, 2015, Father filed a motion to compel responses to a request for production of documents and uniform interrogatories propounded to Mother.   Father argued that the interrogatory answers were incomplete and that Mother had not provided all of her bank statements; Father also asked the court to continue the November 10, 2015 trial.  Mother did not respond to the motion to compel, and the trial proceeded without a ruling on the motion to compel or Father's continuance request.

---

[1]        Pursuant to Article VI, Section 3 of the Arizona Constitution, the Arizona Supreme Court designated the Honorable Mark R. Moran, Judge of the Arizona Superior Court, to sit in this matter.

¶4         At the conclusion of trial, Father was ordered to undergo drug testing by the end of the day.  He was also ordered to test weekly until he provided 12 consecutive negative tests.  The court ordered Mother to drug test that same day as well and took the matter under advisement pending the drug test results.  The record includes two drug test reports for Mother from the date of trial: one is positive for amphetamine, and the second is negative.  There are no post-trial drug test results for Father.

¶5         The decree awarded Mother sole legal decision-making authority and suspended Father's parenting time pending completion of the Family Assessment Counseling and Testing Court program.  The court found that Father failed to share proceeds from the sale of a community vehicle with Mother and entered judgment against him for one-half of the sales proceeds.  The decree awarded a trailer to Mother and concluded Father had failed to prove the existence of additional community accounts.  Pursuant to Arizona Revised Statutes ("A.R.S.") section 25-324, the court awarded Mother attorneys' fees based on Father's unreasonable conduct.  The court also denied Father's motion to compel, erroneously concluding it was not timely filed.

¶6         Father filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7         Father's appellate briefing lacks citations to the record and includes numerous factual assertions without support.  *See* ARCAP 13(d). We therefore rely on our own independent review of the record.  *See Sholes v. Fernando*, 228 Ariz. 455, 457 n.2, ¶ 2 (App. 2011).  We deny Mother's request to treat the deficiencies in Father's briefing and service of the opening brief as a waiver of his appellate claims.

## I.    Temporary Orders

¶8         Two of Father's identified issues relate to the emergency temporary order issued in March 2015.  Temporary orders are preparatory in nature, anticipating final resolution of the issues at trial.  As such, they are not appealable. *Arvizu v. Fernandez*, 183 Ariz. 224, 227 (App. 1995).  The proper procedure for challenging a temporary order is by special action. *See DePasquale v. Superior Court*, 181 Ariz. 333, 336–37 (App. 1995).  Because Father did not seek special action relief, we lack jurisdiction to consider his arguments regarding the temporary orders.

## II.  Discovery and Disclosure

**¶9**　　　　This Court reviews rulings on discovery and disclosure disputes for an abuse of discretion. *Solimeno v. Yonan*, 224 Ariz. 74, 77, ¶ 9 (App. 2010). "Trial judges are better able than appellate courts to decide if a disclosure violation has occurred in the context of a given case and the practical effect of any non-disclosure." *Id.*

**¶10**　　　　Father contends Mother failed to fully respond to his request for production of documents.  Mother responds that Father did not properly serve the request.

**¶11**　　　　The record includes no signed receipt for the certified mail Father contends included the request for production of documents. According to Father, Mother's counsel refused his attempts to hand-deliver the request for production.  Mother's attorney, though, explained that her office door is locked for security reasons and that if Father had called ahead, someone would have accepted delivery.  This dispute turns on the credibility of these sources of information.  This Court defers to the family court's assessment of credibility and views the record in the light most favorable to sustaining its determination. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346–47, ¶¶ 5, 13 (App. 1998).  Applying these standards, Father has demonstrated no error.  For these same reasons, even assuming Father properly filed and served a motion to compel responses to the request for production, because there is no proof of proper service of the underlying request itself, he can establish no error in the court's failure to grant the motion to compel.

**¶12**　　　　Father also contends Mother's answers to interrogatories were deficient, though the only issue he addresses with specificity relates to missing information about bank accounts.  Mother's answers to interrogatories provided the name of her bank, the date the identified account was opened, and listed herself as the sole account holder.  The fact that Father does not believe Mother is the sole account holder and that other accounts exist does not mean Mother's answers are deficient.  Father had the opportunity to question Mother about financial matters at trial.  And even assuming Mother failed to supply all bank statements since opening the account, Father had sufficient information to subpoena the bank records if he doubted Mother's credibility.

## III.  Trial Exhibits

**¶13**　　　　Father contends the court excluded his trial exhibits based on Mother's claim he had failed to timely disclose them.  The court, however,

considered the admissibility of Father's exhibits as he offered them, correctly noting its obligation to consider evidence relevant to the children's best interests, regardless of disclosure deficiencies. *See Hays v. Gama*, 205 Ariz. 99, 103–04, ¶¶ 22–23 (2003) (error to exclude evidence relevant to child's best interest as a sanction).

**¶14** As to the exhibits that were excluded, the parties disputed whether they had been properly and timely disclosed. Father has not argued the excluded exhibits were relevant to the children's best interests. Under these circumstances, the record reveals no abuse of the family court's discretion.

### A. Award of Attorneys' Fees to Mother

**¶15** In July 2015, Mother moved to compel Father to provide complete responses to interrogatories and requested attorneys' fees as a result of having to file the motion. At a hearing in August, Father provided his answers after having previously mailed a verification without the answers. Father claimed he provided the answers before the deadline, but Mother contended he only sent the verification. The court awarded Mother $750 in attorneys' fees for having to file the motion to compel.

**¶16** The record reveals conflicting information about what Father timely provided. We therefore defer to the family court's resolution of this disputed issue. *See Gutierrez*, 193 Ariz. at 347, ¶ 13. Pursuant to Arizona Rule of Family Law Procedure ("Rule") 65(A)(4), an award of attorneys' fees *shall* be awarded when a motion to compel is granted absent a finding that the failure to disclose was substantially justified or an award of fees is unjust. The family court made no such finding. Accordingly, we find no abuse of discretion.

## IV. Legal Decision-Making and Parenting Time

**¶17** Although Father does not expressly challenge the legal decision-making and parenting time orders, he raises several issues regarding evidence the court cited in ruling on these matters.

### A. Exclusion of Evidence

**¶18** Father challenges the exclusion of an exhibit purporting to show he had no weapons at his residence when the police searched it before the emergency temporary order was issued. Father, however, did not ask to admit this exhibit at trial. And if Father wished to challenge the temporary orders, he was required to file a special action petition. *See* ¶ 8,

*supra.* The court did not refer to Father owning a gun in evaluating the children's best interests. Accordingly, we find no abuse of discretion.

### B. Evidence of Domestic Violence

**¶19** Father contends there was no evidence supporting the finding of domestic violence. The court found the parties' son "was diagnosed as a child who [had] witnessed verbal abuse and abusive behavior" and was the victim of verbal abuse. Specifically, the court noted Mother's testimony about "an atmosphere of verbal abuse with occasional physical abuse." This testimony supports the finding that the child was subjected to verbal abuse by Father and witnessed Father verbally abusing Mother. Additionally, Mother testified Father pinned her against the refrigerator in the presence of their daughter. Given this evidence, the finding of domestic violence is supported by the record.

**¶20** Father also disputes the finding that the older child "was diagnosed as a child who [had] witnessed verbal abuse and abusive behavior." Mother, however, testified that this was the child's counselor's diagnosis. The assessment and weight given to his testimony was for the family court to determine. *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). We do not reweigh the evidence on appeal. *See Gutierrez*, 193 Ariz. at 347–48, ¶ 13.

### V. Property Allocation Issues

**¶21** Father alleges the court failed to address his claim that Mother did not disclose $14,000 in stocks. Mother, though, asserted the existence of only one bank account and one retirement account. Although Father claimed at trial that there were additional accounts, he offered no evidence of other accounts.

**¶22** Father contends an exhibit dated September 2015 reveals undisclosed stocks. But he does not identify any specific exhibit, and this Court's review of the record reveals none.

**¶23** Father also contends he acquired a trailer that was treated as community property, though he owned it before marriage. The parties disputed whether the trailer was community property. There was no testimony or documentary evidence as to title. In resolving the competing claims, the court did not err by concluding the trailer was community property.

¶24 Father also argues the court erroneously ordered him to pay Mother $2,000 for her share of a community vehicle he sold after service of the dissolution petition. But the date of the vehicle's sale is not controlling. If the vehicle belonged to the marital community, the court could properly conclude Mother was entitled to share in the sales proceeds. Mother testified she received none of the proceeds. The burden then shifted to Father to show he did not conceal or dispose of community funds. *See Gutierrez*, 193 Ariz. at 346–47, ¶ 7. He failed to do so. The court thus properly entered judgment in favor of Mother for her share of the sales proceeds. *See* A.R.S. § 25-318(C); *Hrudka v. Hrudka*, 186 Ariz. 84, 93 (App. 1995) (court may award money to one spouse to compensate for other spouse's dissipation of community assets), *superseded in part by statute on other grounds as recognized in Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 8 (App. 2014).

## VI. Additional Issues Raised on Appeal

¶25 Father argues the court did not address his two motions alleging contempt of the preliminary injunction. At an August 17, 2015 hearing, the first of Father's two contempt motions was pending, and Mother's attorney avowed she had not been served pursuant to Rule 92. The court stated it would give Father an opportunity to properly serve his motion, but the record does not establish that Father properly served that motion thereafter. As to the second motion for contempt, the court denied that motion in its December 1, 2015 minute entry order. That ruling cannot be challenged on appeal. *Hurd v. Hurd*, 223 Ariz. 48, 50 n.2, ¶ 9 (App. 2009).

¶26 Father contends the court failed to rule on his request that Mother submit to a hair follicle drug test. But the court ordered both parties to submit to urinalysis testing, implicitly denying the request for a different form of testing. Based on the appellate record, we cannot say the court abused its discretion in ordering one form of testing over another. Father also argues the court failed to take action based on the one positive drug test report attributable to Mother. As noted *supra*, though, the testing agency submitted conflicting results for Mother for the same day. It was within the family court's discretion as finder of fact to weigh the conflicting results and consider Mother's credibility regarding this issue. *See Gutierrez*, 193 Ariz. at 347–48, ¶ 13. Finally, the record does not support Father's allegation that the court and Mother's attorney laughed at him, denied him the right to present evidence, and treated him unfairly as a *pro se* litigant.

**CONCLUSION**

**¶27**       For the foregoing reasons, we affirm the judgment of the superior court.   In the exercise of our discretion, we deny Mother's request for an award of attorneys' fees incurred on appeal pursuant to A.R.S. § 25-324.  As the successful party, though, Mother is entitled to an award of costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.  *See* A.R.S. § 12-342.



AMY M. WOOD • Clerk of the Court
FILED:  AA