NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WILLIAM RHODES-HAMBY, *Petitioner*,

*v.*

ANYA ASKEW, *Respondent*.

No. 1 CA-SA 26-0064

FILED 04-10-2026

Appeal from the Superior Court in Coconino County
No. DO2021-00049
The Honorable Ted S. Reed, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin, Elizabeth Nañez, Alicia Derr
*Counsel for Petitioner*

Harris & Winger, P.C., Flagstaff
By Chad Joshua Winger
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Andrew J. Becke and Judge James B. Morse Jr. joined.

---

**J A C O B S**, Judge:

¶1　　　　William Rhodes-Hamby ("Father") asks us to exercise our discretionary special action jurisdiction to review the superior court's temporary order granting Anya Askew ("Mother") temporary sole legal decision-making authority and near-exclusive parenting time. He first argues that despite Mother's previous acts of domestic violence, the temporary order fails to cite evidence rebutting the statutory presumption that awarding sole legal decision-making authority and exclusive parenting time to Mother is contrary to the child's best interests. *See* A.R.S. § 25-403.03(D). Father then argues the court's temporary order improperly allows the court-appointed therapist to determine the frequency and duration of his exercise of parenting time.

¶2　　　　We exercise our discretionary special action jurisdiction because questions relating to the well-being of children are of statewide importance and the harm complained of can only be prevented by resolution before an appeal. Ariz. R.P. Spec. Act. 12(b)(4), (6). We grant relief and vacate the superior court's temporary order because we agree with Father that the court erred by not following the statutory framework set forth in A.R.S. § 25-403.03 and by delegating its judicial decision-making authority to the court-appointed therapist.

## FACTS AND PROCEDURAL HISTORY

### A.　　Father Obtains an Order of Protection Against Mother for Domestic Violence, and Mother and Father Divorce.

¶3　　　　Father and Mother married in March 2019 and had one child born in September 2019. Father filed for divorce in February 2021. Before the divorce was final, Father sought an order of protection against Mother based on allegations of domestic violence. In December 2022, the court issued a two-year order of protection prohibiting Mother from contacting Father, finding "reasonable cause to believe that [Mother] may commit an

act of domestic violence or has committed an act of domestic violence within the past year."

¶4            Mother and Father were divorced in February 2024. Their consent decree kept the order of protection in effect, awarded Mother and Father joint legal decision-making, and gave Father final legal decision-making authority. In a separate order, the court awarded Mother and Father equal parenting time.

**B.        Father Obtains a Second Order of Protection Against Mother Because of a Criminal Trespass Conviction.**

¶5            In May 2024, Mother was found guilty of criminal trespass in connection with one of the incidents supporting the order of protection. Mother was placed on probation for 18 months and was prohibited from contacting Father, and the crime was considered domestic violence under A.R.S. § 13-3601(A).

¶6            In January 2025, the superior court granted Father's petition for an additional two-year order of protection, which prohibited Mother from contacting Father other than through a co-parenting app. The court again found "reasonable cause to believe that [Mother] may commit an act of domestic violence or has committed an act of domestic violence within the past year."

**C.        Mother Requests Modification of Legal Decision-Making, Parenting Time, and Child Support.**

¶7            In October 2025, Mother filed a Petition to Modify Legal Decision-Making, Parenting Time, and Child Support, an Emergency Motion for Temporary Orders under Family Law Rule 48, and a Motion for Temporary Orders under Family Law Rule 47. Ariz. R. Fam. L.P. 47, 48. In her petition, Mother alleged that since entry of the decree, Father had exercised his final decision-making authority as though he had sole legal authority, excluding her from medical and mental health decisions. She alleged that Father unilaterally hospitalized the six-year-old child in a psychiatric unit at Phoenix Children's Hospital, directed his transport to the hospital without parental accompaniment, and excluded her from participation in his care. Mother further alleged Father committed four separate incidents of abuse while the child was in his care: one involving bruising to the child's torso, a second involving restraint-like bruising to the child's wrists, a third involving hitting the child in the stomach, and a fourth in which school personnel observed multiple bruises and reported that the child stated Father held him down in the car. Although prior

Department of Child Safety ("DCS") investigations had been inconclusive or unsubstantiated, Mother asserted that the pattern of injuries, behavioral dysregulation in Father's home, and Father's unilateral psychiatric hospitalization of the child justified awarding her sole legal decision-making authority and modifying parenting time to reflect recommendations of a court-ordered custody evaluator.

**D.    Following an Evidentiary Hearing, the Superior Court Issues Temporary Orders Modifying Legal Decision-Making and Parenting Time.**

¶8          After holding an evidentiary hearing, the court issued a temporary order awarding Mother sole legal decision-making authority and limiting Father to "therapeutically supervised parenting time with the minor child." The court concluded the child remaining in Father's custody "present[ed] an immediate risk of serious emotional harm or physical harm to the minor child," because: (1) the "perpetual conflict" between Mother and Father was adversely affecting the child's welfare; (2) the child was displaying alarming behavior in Father's care; and (3) the child had suffered unexplained bruising and stated that Father was "hitting him," which was the subject of an ongoing DCS investigation.

¶9          In addition to granting Mother's request for sole legal decision-making, the court's temporary order limited Father to therapeutically supervised parenting time, the frequency and duration of which were to "be determined by the provider" and not to exceed "more than twice per week for a maximum of two hours per visit."

¶10          In a subsequent order, the court designated a Safe Haven Family Therapist and ordered that Father exercise parenting time in family therapy "until further court ordered, and as recommended by" the therapist. The court also ordered that if the therapist "determines [Father] and the child no longer need to participate in family therapy, [Father] is entitled . . . to request a change in parenting time." The order further provided that the therapist "shall not make any recommendations regarding legal decision making or parenting time," and that a "recommendation of no longer needing to participate in 'family therapy,' is not considered a parenting time recommendation." Father's petition for special action review followed.

**DISCUSSION**

**¶11**        We review the superior court's legal decision-making and parenting time orders for an abuse of discretion. *Gish v. Greyson*, 253 Ariz. 437, 444 ¶ 31 (App. 2022). The superior court abuses its discretion when its ruling is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Quigley v. City of Tucson*, 132 Ariz. 35, 37 (App. 1982). The superior court also abuses its discretion when "the record fails to provide substantial support for its decision." *Files v. Bernal*, 200 Ariz. 64, 65 ¶ 2 (App. 2001). A legal error is necessarily an abuse of discretion. *Voice of Surprise v. Hall*, 255 Ariz. 510, 513 ¶ 11 (2023).

**I.        We Exercise Our Special Action Jurisdiction.**

**¶12**        We exercise our discretionary special action jurisdiction because the well-being of children, especially surrounding custody disputes connected with instances of domestic violence (as led to the two protective orders against Mother), is an issue of statewide importance. Ariz. R.P. Spec. Act. 12(b)(4). Our review also implicates the welfare of a child where the harm complained of can only be prevented by consideration before appeal, given that the temporary order at issue can't be appealed. Ariz. R.P. Spec. Act. 12(b)(6).

**II.        The Superior Court Erred By Not Applying the Statutory Framework of A.R.S. § 25-403.03.**

**¶13**        Father argues the superior court was required to apply the statutory framework under A.R.S. § 25-403.03 in light of prior domestic violence findings before awarding Mother sole legal decision-making authority and near-exclusive parenting time, and that the temporary orders do not reflect the proper analysis. Mother argues "the court's ultimate ruling . . . necessarily implies that the court considered and weighed the evidence pursuant to A.R.S. § 25-403.03." Father is correct.

**¶14**        Section 25-403.03 of the Arizona Revised Statutes provides a clear framework for courts to follow when deciding issues involving both domestic violence and legal decision-making, which we outlined in *Garcia v. Vallon*, --- Ariz. ---, 583 P.3d 421 (App. 2025):

> If a court finds a parent has committed domestic violence, the court must consider that finding contrary to the child's best interests. A.R.S. § 25-403.03(B). The parent found to have committed domestic violence then *must* prove "to the court's satisfaction that parenting time will not endanger the child or

significantly impair the child's emotional development."
A.R.S. § 25-403.03(F). And if a parent seeking legal decision-
making committed domestic violence against the other
parent, there is a rebuttable presumption that awarding legal
decision-making to that parent is against the child's best
interests. A.R.S. § 25-403.03(D).

*Id.* at 424 ¶ 10.

**¶15** The court erred by not following that framework. Mother
previously committed acts of domestic violence against Father, triggering
the rebuttable presumption that awarding legal decision-making to Mother
is against the child's best interests. A.R.S. § 25-403.03(D). Even though
testimony elicited at the evidentiary hearing preceding the court's
temporary order might have been sufficient to rebut this presumption (a
question as to which we intimate no view), "the court must make specific
findings on the record that there is sufficient evidence to rebut the
presumption." *DeLuna v. Petitto*, 247 Ariz. 420, 423 ¶ 12 (App. 2019). It did
not do so. And "[i]n making its specific findings in this regard, the court
must consider the factors listed in [A.R.S.] § 25-403.03(E)." *Id.* The court's
temporary order likewise did not consider the factors listed in A.R.S. § 25-
403.03(E) or specifically find there was sufficient evidence to rebut the
presumption. In these ways, the court's temporary order did not comply
with A.R.S. § 25-403.03.

**¶16** Mother's suggestion that the court's order "necessarily
implies that the court considered and weighed the evidence pursuant to
A.R.S. § 25-403.03" is incorrect. Mother rightly notes that we generally
"infer that the superior court has made whatever additional findings are
necessary to sustain its judgment." *Francine C. v. Dep't of Child Safety*, 249
Ariz. 289, 297 ¶ 19 (App. 2020). But this "general principle does not apply
if the court failed in its obligation to make findings of fact." *Id.* "Where the
basis on which the court reached a certain conclusion is not clear, it is not
enough that the appellate court is able to derive bases on which the trial
court could have permissibly reached the decision it did from the record. It
must be clear how the court actually did arrive at its conclusions." *Id.*
(quoting *Elliott v. Elliott*, 165 Ariz. 128, 135 (App. 1990)). Without this
clarity, "there is no assurance that the court itself thought out each issue"
so we cannot "effectively review the decision-making process of the trial
court." *Id.* (quoting *Elliot*, 165 Ariz. at 135). Because the court erred by not
making the requisite findings on the record before awarding Mother sole
legal decision-making and exclusive parenting time, we must reverse.

III.     **The Superior Court Improperly Delegated Its Judicial Decision-Making Authority to the Therapist.**

¶17       Father argues the provisions of the court's temporary orders allowing the therapist to both limit the frequency and duration of his therapeutically supervised parenting time and conclude that Father and child no longer needed to participate in family therapy improperly delegated the court's sole decision-making authority.  In addition to arguing waiver and judicial estoppel, Mother argues the court did not abuse its discretion because the order at issue is temporary and not a final parenting time decision.  Again, Father is correct.

¶18       The court's order allows the therapist to decide how much parenting time Father receives each week, between zero and four hours. The order also allows the therapist to unilaterally decide that therapeutically supervised parenting time is no longer needed, in which case, due to the structure of the temporary order, Father will be required to move the court to modify the temporary order to exercise *any* parenting time.   This  improperly  delegates  the  court's  judicial  authority.   *See DePasquale v. Superior Court*, 181 Ariz. 333, 336 (App. 1995) (The superior court "may consider expert opinion in making [its] decisions," however, it can "neither delegate a judicial decision to an expert witness nor abdicate its responsibility to exercise independent judgment.").  Our law doesn't prevent the court from "establishing milestones for [Father] to receive additional or unsupervised parenting time . . . . But unless the milestones are self-effectuating, the court, not a behavioral health professional, must determine whether a requirement has been met." *Gish*, 253 Ariz. at 447 ¶ 48. The therapist's independent judgment is not a "self-effectuating . . . milestone," so making it the deciding factor in Father's parenting time going forward is an impermissible delegation of ultimate judgment to the therapist.

¶19       By granting the therapist sole discretion over the duration and frequency of Father's parenting time, the court abdicated its responsibility to exercise independent judgment as to the child's best interests.  *See* A.R.S. § 25-403(A) ("*The court* shall determine legal decision-making and parenting time . . . in accordance with the best interests of the child." (emphasis added)).  This is not a permissible delegation, as Mother suggests, because the court did this through a temporary order rather than a final parenting time decision.  As we made clear in *DePasquale*, "[t]he best interests of the child—*even on an interim custodial basis*—are for the court alone to decide."  181 Ariz. at 336 (emphasis added).

¶20     We appreciate that the court recites in its temporary orders that the therapist "shall not make any recommendations regarding legal decision making or parenting time," and that a "recommendation of no longer needing to participate in 'family therapy,' is not considered a parenting time recommendation." Unfortunately, those contrary recitals do not negate the practical effect of the other provisions of its orders, which amount to an improper delegation of exclusive judicial decision-making authority, for the reasons we have explained. The court erred by granting the therapist discretion over the frequency, duration, and conclusion of Father's exercise of therapeutically supervised parenting time.

## CONCLUSION

¶21     For the foregoing reasons, we exercise our discretionary special action jurisdiction, vacate the superior court's temporary order, and remand for further proceedings consistent with this decision. We grant Father his costs as the prevailing party in this appeal, subject to his compliance with ARCAP 21.

