285 P.3d 969

In re the Marriage of Nima GHADIMI, Petitioner/Appellee,

v.

Soheila SORAYA, Respondent/Appellant.

No. 1 CA–CV 10–0824.

Court of Appeals of Arizona, Division 1, Department E.

Aug. 30, 2012.

Law Offices of Stone & Davis, P.C. By Lisa Johnson Stone, Scottsdale, Attorneys for Petitioner/Appellee.

Owens & Perkins, P.C. By Michelle J. Perkins, Max Nicholas Hanson, Joseph P. McGurk, Scottsdale, Attorneys for Respondent/Appellant.

## OPINION

GEMMILL, Judge.

¶ 1 Soheila Soraya ("Wife") appeals from a decree of dissolution of marriage entered by the trial court on September 7, 2010. We do not reach the merits of the appeal, however, because we determine that Wife's notice of appeal was premature and ineffective to invoke our appellate jurisdiction. Accordingly, we are compelled to dismiss this appeal.

## BACKGROUND

¶ 2 Nima Ghadimi ("Husband") filed a petition for dissolution of non-covenant marriage, without children, in November 2008. The family court ordered dissolution of the marriage by unsigned minute entry in July 2010. The court ordered Husband to submit a pro-

posed form of decree of dissolution consistent with the minute entry. The court determined that Wife must pay 65% of Husband's reasonable attorneys' fees and costs and directed Husband to submit an application for fees within thirty days after entry of the decree of dissolution.

¶3 On September 10, 2010, the family court entered a signed, fifteen-page decree of dissolution of marriage. This decree mirrored the unsigned minute entry requiring Wife to pay 65% of Husband's attorneys' fees and costs, with the actual amount yet to be determined. On October 7, 2010, Wife filed her only notice of appeal.

¶4 Husband requested $306,014.10 as the 65% calculation of his total fees and costs. Wife responded, arguing that she should be required to pay $126,596.22 instead. In Husband's reply, he adjusted his request to $300,497.60.

¶5 On November 16, 2010, the court entered a signed order entitled "Judgment," awarding fees and costs of $275,000.00 in favor of Husband against Wife. In this Judgment, the court also ordered: "Pursuant to [Arizona Rule of Civil Procedure] 58, final judgment is settled, approved and signed by the Court and shall be entered by the clerk."[1] Wife did not thereafter file a new or amended notice of appeal.

¶6 We requested supplemental briefing addressing whether we have jurisdiction over this appeal, and both parties submitted supplemental briefs.

### ANALYSIS

¶7 This court has an independent duty to examine whether we have jurisdiction over matters on appeal. See Sorensen v. Farmers Ins. Co. of Ariz., 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App.1997). The legislature created this court's jurisdiction and limited it by statute. See A.R.S. §§ 12–2101 (Supp.2011), 12–120.21 (2003); Campbell v. Arnold, 121 Ariz. 370, 371, 590 P.2d 909, 910 (1979). As a general rule, only final judgments are appealable, Musa v. Adrian, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981), and a

notice of appeal should be filed within the time allowed after a final judgment. See ARCAP 9(a) (requiring a notice of appeal to be filed within 30 days of entry of final judgment in a civil action).

¶8 A notice of appeal filed in the absence of a final judgment is premature. See Barassi v. Matison, 130 Ariz. 418, 421, 636 P.2d 1200, 1203 (1981) (referencing Arizona Rule of Civil Procedure 58(a) and respective State Bar Committee Notes in the 1961 Amendment to the Rule). If a notice of appeal is premature, we lack jurisdiction to hear the action unless the narrow exception created by our supreme court in Barassi, 130 Ariz. at 422, 636 P.2d at 1204, is applicable. See Smith v. Ariz. Citizens Clean Elections Comm'n, 212 Ariz. 407, 415, ¶37, 132 P.3d 1187, 1195 (2006) (stating the Barassi exception applies when "no decision of the court could change and the only remaining task is merely ministerial"); Craig v. Craig, 227 Ariz. 105, 106, 107, ¶¶8–9, 13, 253 P.3d 624, 625, 626 (2011) (also discussing the Barassi exception to the final judgment rule and characterizing it as a "limited" or "slim" exception).

¶9 Both Wife and Husband contend that the trial court's September 10, 2010 signed decree was a final, appealable judgment under Arizona Rules of Family Law Procedure ("Rule(s)") 78 and 81. We conclude otherwise.

¶10 To accomplish formal entry of a judgment, the judgment must be in writing, signed by an officer of the court, and filed with the clerk. See Ariz. R. Fam. L.P. 81(A). Rule 78(A) recognizes a divorce decree may be a final judgment. See Ariz. R. Fam. L.P. 78(A). The decree of dissolution entered by the court on September 10, 2010, however, was not final and appealable because it neither determined the amount of Husband's attorneys' fees and costs to be paid by Wife nor contained an express determination complying with Rule 78(B) that there was no just reason for delay coupled with an express direction for the entry of judgment. Rule 78(B) provides:

---

1. Although the court cited Rule 58 of the Arizona Rules of Civil Procedure, the applicable rule is

Rule 81 of the Arizona Rules of Family Law Procedure.

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties **only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.** In the absence of such determination and direction, any order or other form of decision, however designated, **that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties,** and the order or other form of decision is **subject to revision at any time before the entry of judgment** adjudicating all the claims and the rights and liabilities of all the parties. **For purposes of this subsection, a claim for attorneys' fees may be considered a separate claim from the related judgment regarding the merits of a cause.**

(Emphasis added.) *See also Nat'l Broker Assocs., Inc. v. Marlyn Nutraceuticals, Inc.,* 211 Ariz. 210, 217–18, ¶¶ 35–36, 119 P.3d 477, 484–85 (App.2005) (analyzing Arizona Rule of Civil Procedure 54(b) ("Rule 54(b)") and explaining that a judgment without Rule 54(b) language is not final when there are unresolved attorneys' fees issues); Ariz. R. Fam. L.P. 78 cmt. ("This rule is based on Rule 54, *Arizona Rules of Civil Procedure.*").

■ ¶ 11 Because the decree of dissolution entered on September 10, 2010 was not a final judgment, Wife's notice of appeal filed on October 7, 2010 was premature. We must therefore examine whether Wife's premature notice of appeal fits within the limited *"Barassi* exception" to the requirement that a notice of appeal be filed after entry of final judgment, not prior thereto.

¶ 12 In *Craig,* the parties filed a notice of appeal and notice of cross-appeal while a motion for new trial was pending. 227 Ariz. 105, ¶ 2, 253 P.3d at 624. After the superior court denied the motion for new trial, neither party filed an amended or new notice of appeal. *Id.* In affirming this court's decision

to dismiss the appeal for lack of jurisdiction, our supreme court explained that the *Barassi* exception is limited to situations in which a notice of appeal is filed " 'after the trial court has made its final decision, but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial.' " *Id.* at 107, ¶ 13, 253 P.3d at 626 (quoting *Smith,* 212 Ariz. at 415, ¶ 37, 132 P.3d at 1195). *See also Stevens v. Mehagian's Home Furnishings, Inc.,* 90 Ariz. 42, 44–45, 365 P.2d 208, 209–10 (1961) (stating that when there is at least one outstanding claim and the superior court has not included Rule 54(b) language, the judgment is subject to modification and not final); *Pulaski v. Perkins,* 127 Ariz. 216, 217, 619 P.2d 488, 489 (App.1980) (citing *Stevens* and noting that the absence of Rule 54(b) language "defeats finality" whenever there are outstanding claims remaining); Rule 78(B) *supra* ¶ 10. "In *all* other cases, a notice of appeal filed in the absence of a final judgment, or while any party's time-extending motion is pending before the trial court, is 'ineffective' and a nullity." *Craig,* 227 Ariz. at 107, ¶ 13, 253 P.3d at 626 (emphasis in original) (citing *Smith,* 212 Ariz. at 415, ¶ 39, 132 P.3d at 1195).

¶ 13 The *Barassi* exception does not apply here because the family court had not issued a final judgment and the remaining task—determining the amount of attorneys' fees and costs to be paid by Wife—was discretionary and not merely ministerial. To determine the actual amount of fees and costs to be awarded, the court was required to make a determination after receiving significantly differing factual presentations and arguments. *See Smith,* 212 Ariz. at 415, ¶ 38, 132 P.3d at 1195 (concluding that "substantive matters requiring the discretion of the decision-maker" are not ministerial tasks and not encompassed by the *Barassi* exception). Our supreme court has described the difference between a discretionary determination and a ministerial act as follows:

The general distinction between ministerial and judicial acts seems to be that, where the duty to be performed is described by law with such certainty that nothing is left to the exercise of discretion or judgment,

the act is ministerial, but, where it requires discretion or judgment to determine whether the duty to act exists or not, it is judicial. In other words, the necessity of the exercise of judgment or discretion is generally held to be the distinguishing test.

*Bryant v. Bryant,* 40 Ariz. 519, 521, 14 P.2d 712, 713 (1932). The family court's decision to award $275,000 in fees and costs to Husband was an exercise of judicial analysis and discretion, not a mere ministerial act.

¶ 14 Therefore, Wife's notice of appeal was premature and did not come within the limited *Barassi* exception under which some premature notices of appeal are effective. In accordance with *Craig,* Wife's notice of appeal was "ineffective" and a "nullity." 227 Ariz. at 107, ¶ 13, 253 P.3d at 626 (citation omitted).

## CONCLUSION

¶ 15 For these reasons, we dismiss this appeal for lack of jurisdiction.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge and PHILIP HALL, Judge.