NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KARLA SUE GRUBB, *Petitioner/Appellant*,

*v.*

TRENT NEAL THRAILKILL, *Respondent/Appellee*.

No. 1 CA-CV 15-0761 FC
FILED 9-15-2016

Appeal from the Superior Court in Maricopa County
Nos. FC2006-050409, FC2012-002703 (Consolidated)
The Honorable Jennifer C. Ryan-Touhill, Judge

**VACATED AND REMANDED**

COUNSEL

Karla Sue Grubb, Tempe
*Petitioner/Appellant*

Trent Neal Thrailkill, Mesa
*Respondent/Appellee*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Chief Judge Michael J. Brown joined.

J O N E S, Judge:

¶1        Karla Grubb (Mother) appeals the family court's order: (1) dismissing her petition to modify legal decision-making authority and parenting time, and (2) awarding attorneys' fees to Trent Thrailkill (Father). For the following reasons, we lack jurisdiction to review the award of fees, vacate the order of dismissal, and remand for a hearing on the merits of Mother's petition.[1]

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Father were divorced in 2012. Within the decree, Father was awarded sole legal custody of the parties' only child in common (Child) and designated the primary residential parent. The family court granted Mother supervised parenting time until she "ha[d] six months of clean drug results through TASC," after which she could petition the court for unsupervised parenting time. Father later petitioned for modification of parenting time, and, following an evidentiary hearing in July 2014, the court entered an order suspending Mother's parenting time until she passed three consecutive weekly drug tests. The court added "[o]nce Mother passes three consecutive weekly random tests at TASC, Mother shall have supervised parenting time." As a practical matter, while the record does not appear to indicate the court terminated Mother's supervised parenting time, the court's order suspended visitation between Mother and Child with its renewal contingent upon Mother's provision of three consecutive, clean weekly drug tests.

---

[1]      Father did not file an answering brief. When a debatable issue exists and an appellee fails to file an answering brief, we may consider such failure a confession of error. *See Hodai v. City of Tucson*, 239 Ariz. 34, 45, ¶ 36 (App. 2016) (citing *In re 1996 Nissan Sentra*, 201 Ariz. 114, 117, ¶ 7 (App. 2001)). However, we are not required to do so and, in our discretion, address the substance of Mother's appeal. *Id.* (citing *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 1 (App. 2014)).

**¶3** In October 2014, Mother, *in propia persona,* filed a "Request For Ruling Regarding Prescription For Adderall," seeking a determination that any positive drug test results for amphetamine were the product of her prescribed and lawful use of Adderall. She additionally attached both the prescription for Adderall and records of her test results. The family court ordered Mother to submit to ETG/alcohol testing instead of full screen testing at TASC. After Father objected on the grounds he had not been provided notice of Mother's request, the court vacated the order in its entirety.

**¶4** In February 2015, Mother, again as a self-represented litigant, filed a "Request For Ruling To End The Supervised Visitation Requirement," stating she had "submitted to full-panel random weekly urine tests at TASC from Aug 2014 to Jan 2015."[2] Father disputed Mother's clean drug tests and objected to the form of Mother's request, contending she should have filed a petition to modify parenting time rather than a request for ruling. In April 2015, after the matter was fully briefed, the family court dismissed Mother's request and ordered she pass three consecutive weekly random tests through TASC before it would modify her parenting time. At this juncture, the record contained orders requiring Mother complete three consecutive, clean weekly drug tests both: (1) to continue exercising supervised visitation, and (2) "prior to any modification of her parenting time."

**¶5** In June 2015, Mother, through counsel, filed a petition to modify legal decision-making and parenting time. Citing the 2012 divorce decree, Mother specifically requested joint legal decision-making authority and unsupervised visitation on the grounds that she had completed six months of drug-free testing. Mother attached three consecutive weekly TASC Drug Detection Laboratory Reports; one was negative for any substances and the other two were positive for amphetamine. She also attached a letter from her physician confirming she had a lawful prescription for Adderall and an email from a TASC liaison explaining that her "Adderall prescription could certainly cause a positive result for amphetamine." Father then filed a motion to dismiss, arguing that "[w]hether or not Mother is testing positive for a prescription of Adderall . . . is irrelevant. The reality is that Mother is a poly-substance abuser who can . . . abuse prescription drugs as well."

---

[2] It appears from the record on appeal that such testing occurred, at a minimum, from the July 2014 order through January 2015.

**¶6** Without awaiting a response, the family court issued an order to appear at a resolution management conference (RMC) scheduled for September 25, 2015. After Mother filed a response to Father's motion to dismiss, the court, on its own motion, rescheduled the RMC for October 8, 2015. When Father advised he had a calendar conflict with that date, the court vacated the RMC and dismissed Mother's petition. Within its five-page order, the court stated:

> On July 29, 2014, the Court ordered Mother to submit to random, weekly UA testing. Once Mother had three consecutive weeks of clean tests, Mother could ask for <u>supervised</u> time with the minor child. This Order makes no reference to <u>unsupervised</u> time. . . . Mother has asked this Court to modify her parenting time and rescind the order for supervision. When Mother first made this request in February 2015, Father argued Mother had failed to comply with both prior court orders and procedural requirements in her requests; the Court agreed with Father and dismissed Mother's action. Mother again makes her request for modification in July 2015, after Mother provided three consecutive clean drug tests. Mother has misunderstood prior Court Orders; the three clean drug tests would allow Mother to have supervised time with her daughter, not provide a basis for modification.

**¶7** The family court thus relied entirely upon its July 2014 order without explaining, clarifying, or even referencing its subsequent April 2015 order that seemingly permitted modification of parenting time after Mother provided three consecutive, clean weekly tests through TASC. The court also granted Father's request for attorneys' fees and directed he provide supporting documentation for the particular amount sought. Mother filed a notice of appeal on October 22, 2015. On November 13, 2015, after reviewing the documentation submitted by Father, the court entered an order awarding Father his attorneys' fees in the amount of $1733.92.

## JURISDICTION

**¶8** Mother timely appealed the family court's dismissal of her petition for modification but did not timely file a notice of appeal from the court's order granting Father his attorneys' fees. This Court has an independent duty to examine its own jurisdiction. *Riendeau v. Wal-Mart Stores, Inc.*, 223 Ariz. 540, 541, ¶ 4 (App. 2010) (citing *Abril v. Harris*, 157 Ariz. 78, 80 (App. 1987)). Because appellate jurisdiction is defined by statute, we must dismiss any portion of an appeal for which we do not have

jurisdiction. *See, e.g.*, *Natale v. Natale*, 234 Ariz. 507, 509, ¶ 8 (App. 2014) (citing *Baker v. Bradley*, 231 Ariz. 475, 479, ¶ 8 (App. 2013)). Generally, a party may appeal a final judgment. *See* Ariz. Rev. Stat. (A.R.S.) § 12-2101(A)(1).[3] Pursuant to the Arizona Rules of Family Law Procedure (ARFLP):

> When more than one claim for relief is presented in an action, . . . the court may direct the entry of final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. For purposes of this subsection, a claim for attorneys' fees may be considered a separate claim from the related judgment regarding the merits of a cause.

ARFLP 78(B). Thus, "a family court ruling that resolves some but not all of the issues pending before the court and does not have a Family Rule 78(B) certification of finality is not final and appealable." *Natale*, 234 Ariz. at 509, ¶ 9.

**¶9** The procedural history in the present case is nearly identical to that in *Ghadimi v. Soraya*, 230 Ariz. 621 (App. 2012), where the family court issued a signed decree granting the husband's attorneys' fees but left the specific amount of those fees to be determined. *Id.* at 622, ¶ 3. The wife appealed the decree before the amount of attorneys' fees was resolved, and when the amount of fees was later ordered, she failed to file an amended notice of appeal. *Id.* at ¶¶ 3, 5. This Court dismissed the wife's appeal for lack of jurisdiction after it determined that her notice of appeal was premature because the decree, which had not been certified as final under Rule 78(B) and left the amount of attorneys' fees unresolved, was not a final judgment. *Id.* at 623, ¶ 11. Moreover, we held that a determination of the amount of an award of attorneys' fees is discretionary and not ministerial, and the exception enumerated in *Barassi v. Matison*, 130 Ariz. 418 (1981), did

---

[3] Absent material changes from the relevant date, we cite a statute's current version.

not apply. *Ghadimi*, 230 Ariz. at 623-24, ¶ 13 (quoting *Bryant v. Bryant*, 40 Ariz. 519, 521 (1932)).

**¶10** Here, Mother filed a notice of appeal from the family court's signed minute entry dismissing her petition for modification of legal decision-making authority and parenting time and granting Father's request for attorneys' fees. Although the court certified the order as final under Rule 78(B), it did not resolve the amount of the award of attorneys' fees until it issued a separate order two months later. Therefore, this Court has jurisdiction to consider the merits of the issues finally resolved within that signed minute entry — namely the dismissal of Mother's petition. However, Mother was required to file a new or amended notice of appeal regarding the separate issue of attorneys' fees after that issue was finally resolved through an order setting an exact amount. She did not do so, and the *Barassi* exception does not apply. *See id.* Because Mother's notice of appeal of the award of attorneys' fees was premature, it was ineffective and a nullity. *Craig v. Craig*, 227 Ariz. 105, 107, ¶ 13 (2011) (quoting *Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 415, ¶ 39 (2006)). Accordingly, we lack jurisdiction to consider the award of Father's attorneys' fees. We have jurisdiction over Mother's timely appeal of the dismissal of her petition for modification pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I. The Family Court's April 2015 Order Superseded Its July 2014 Order.

**¶11** Resolution of Mother's appeal requires us to evaluate and reconcile the family court's April 2015 and July 2014 orders, a task we perform *de novo*. *See Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13 (App. 2001) (citing *Citibank (Ariz.) v. Bhandhusavee*, 188 Ariz. 434, 435 (App. 1996), and *Anderson v. Anderson*, 522 N.W.2d 476, 478-79 (N.D. 1994)). The April 2015 order allowed Mother to petition for modification of legal decision-making authority and parenting time upon evidence of three consecutive, clean drug tests; the court's prior July 2014 order established that three consecutive, clean tests were merely a prerequisite for Mother to continue to receive supervised parenting time rights. *See supra* ¶ 4.

**¶12** We conclude the April 2015 order superseded the July 2014 order by comparing the two orders themselves. *See Patterson v. Patterson*, 102 Ariz. 410, 414 (1967) (comparing the language of consecutive trial court orders to determine if they were complementary or whether the latter superseded the former). The July 2014 order specifically directs "that all

other prior orders regarding legal decision[-]making and parenting time remain in full force and effect." In contrast, the April 2015 order contains no such provision, implying the April 2015 order was meant to supersede, rather than supplement, the July 2014 order. *See id.* Therefore, pursuant to the controlling order, at the time of her June 2015 petition, Mother was specifically authorized to petition for modification of legal decision-making authority and parenting time after presenting evidence of three consecutive, clean drug tests.[4]

## II. The Family Court Abused Its Discretion When It Vacated The RMC And Dismissed Mother's Petition Without A Hearing.

**¶13** Mother argues the family court erred by granting Father's motion to dismiss without holding a hearing on her petition for modification. We review an order granting a motion to dismiss for an abuse of discretion. *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11 (2006) (citing *Franzi v. Superior Court*, 139 Ariz. 556, 561 (1984)). "A family court abuses its discretion by making an error of law in reaching a discretionary conclusion, or making a discretionary ruling that the record does not support." *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012) (citing *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008), then *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009)).

**¶14** Parents have a firmly established fundamental right to the custody and control of their children, a right recognized by both state and federal law. *See, e.g.*, *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶ 11 (2000); *see also* A.R.S. § 1-601(A)-(B) ("The liberty of parents to direct the upbringing [and] education . . . of their children is a fundamental right [that] [t]his state or any other governmental entity shall not infringe [up]on . . . without demonstrating [a] compelling governmental interest . . . of the highest order."). These fundamental rights are protected by the Due Process Clause of the

---

[4] Equally troubling to this court but not raised by this appeal is the family court's apparent preemption of Mother's statutory right to petition for modification of legal decision-making authority and parenting time one year after entry of the decree of dissolution and upon her assertion that modification would be in Child's best interests. *See* A.R.S. § 25-411(A) ("A person shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after its date."), -411(J) ("The court may modify an order granting or denying parenting time rights whenever modification would serve the best interest of the child.").

Fourteenth Amendment of the U.S. Constitution. *Baker v. Meyer*, 237 Ariz. 112, 114, ¶ 6 (App. 2015) (citations omitted).

**¶15**   Mother's fundamental right to parent affords her certain procedural due process rights, including a meaningful opportunity to be heard on a petition for modification of legal decision-making authority or parenting time. *Cruz v. Garcia*, ___ Ariz. ___, ___, 2016 WL 3390235, at \*2, ¶ 11 (App. 2016) (citing *Cook v. Losnegard*, 228 Ariz. 202, 206, ¶ 18 (App. 2011)). In the family law context, "[d]ue process requires that when there are disputed issues of fact as to a child's best interests, 'the court must allow the parties to present evidence before it makes its finding.'" *Id.* at \*3, ¶ 16 (quoting *Murray v. Murray*, 239 Ariz. 174, 179, ¶ 18 (App. 2016), and citing *Heidbreder v. Heidbreder*, 230 Ariz. 377, 381, ¶ 15 (App. 2012), and *DePasquale v. Superior Court*, 181 Ariz. 333, 336 (App. 1995)). Moreover, if affidavits filed in connection with a petition to modify are in direct opposition, "the court may not conduct a trial by affidavit, attempting to weigh the credibility of the opposing statements." *Pridgeon v. Superior Court*, 134 Ariz. 177, 181 (1982) (internal quotations omitted); *see also Volk v. Brame*, 235 Ariz. 462, 466, 468, ¶¶ 14, 19-20 (App. 2014) (concluding the family court violated a parent's due process rights when it "recognized that credibility was central to the issue before it but expressly rejected the parties' efforts to testify, choosing instead to rely on a 'paper view' to decide the petition"); *DePasquale*, 181 Ariz. at 336 ("The trial court also erred by changing custody without a hearing and without the aggrieved party's consent. . . . No Arizona rule or statute authorizes such an order."). Rather, "[i]n such a case, the court must hold a hearing." *Pridgeon*, 134 Ariz. at 181 (interpreting a prior version of A.R.S. § 25-411).

**¶16**   A court may only act *sua sponte* to restrict parenting time if it finds the parenting time would "endanger seriously the child's physical, mental, moral or emotional health." *See Cruz*, 2016 WL 3390235 at \*4, ¶ 18 ("The court's authority to impose 'restrictions' on parenting time *sua sponte* under [A.R.S.] § 25-411(J) is limited to placing conditions on the exercise of parenting time, such as supervision or geographical restrictions.") (citing *Hart v. Hart*, 220 Ariz. 183, 187, ¶ 16 (App. 2009)). The *Cruz* court, though, was distinguishing those cases where the child faces an immediate threat to her physical or mental health that requires urgent action via an emergency *sua sponte* order, from those, like the present case, where the parents simply disagree over the child's best interests. *See id.*; *DePasquale*, 181 Ariz. at 336 (acknowledging that the family court may face an emergency situation requiring a change in custody or parenting time without notice or a hearing, but the court must follow "strict procedural limits" within the rules governing temporary orders); *see also* A.R.S. § 25-

411(J) ("[T]he court shall not restrict a parent's parenting time rights unless it finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health.").

**¶17** Additionally, the procedural rules governing post-decree, family law proceedings likewise contemplate a hearing. ARFLP 91 requires a party to petition for modification and states that, upon the receipt of a petition for an order to appear, "the court *shall* schedule the petition for an evidentiary hearing, a return hearing, oral argument, a Post-decree or Post-judgment Management Conference, mediation, or other proceeding, and issue an appropriate Order to Appear." ARFLP 91(A), (N) (emphasis added); *see also* ARFLP 76(A)(1) ("Upon written request of any party, the court shall, or upon its own motion the court may, schedule one or more Resolution Management Conferences that shall be held within sixty (60) days of receipt of written request by the court, unless extended for good cause shown.").

**¶18** To obtain a hearing on a petition to modify legal decision-making authority, the petitioner must also comply with A.R.S. § 25-411. *See* ARFLP 91(D). This statute requires "an affidavit or verified petition setting forth detailed facts supporting the requested modification," and directs the family court to deny the motion "unless it finds that adequate cause for hearing the motion is established by the pleadings, in which case it shall set a date for hearing." A.R.S. § 25-411(L); *see DePasquale*, 181 Ariz. at 335 (describing the trial court's "screening" function in analyzing a petition for modification to determine whether the petitioner has presented adequate cause to warrant a hearing). Adequate cause for a hearing is satisfied when the petitioner provides detailed facts to support the requested modification, particularly where those facts are disputed by the respondent "upon any substantial and crucial fact relevant to the grounds for modification." *Pridgeon*, 134 Ariz. at 181; *see also Murray*, 239 Ariz. at 179, ¶ 18 ("When the question of a child's best interests presents a disputed issue of fact, the court must allow the parties to present evidence before it makes its finding.") (citing *Volk*, 235 Ariz. at 466, ¶ 14).

**¶19** In this case, Mother petitioned the family court for modification of both legal decision-making authority and parenting time and simultaneously presented evidence of three consecutive, clean drug tests in support of her petition. Indeed, the court's April 2015 order granted Mother the opportunity to do exactly that, and, as the court recognized, "Mother provided three consecutive clean drug tests." *See supra* ¶ 12. Father's responsive pleading contested whether Mother's drug test results were, as she asserted, false positives resulting from legal and appropriate use of prescription medication. Mother's assertion and Father's objection

established that the issues presented to the court through Mother's petition were both factually and legally in question; therefore, a hearing was required. Presumably having determined Child's mental and physical health were not immediately in peril, *see Cruz*, 2016 WL 3390235 at *4, ¶ 18; *see also DePasquale*, 181 Ariz. at 336, the court determined Mother had presented adequate cause for a hearing and issued an order to appear at a RMC to resolve the disputed issues. The court abused its discretion when it ultimately vacated the RMC and dismissed the petition without affording Mother the opportunity to present evidence to support her assertions or itself the opportunity to evaluate the credibility and merit of the witnesses' testimony.

## CONCLUSION

**¶20** The family court's order dismissing Mother's petition is vacated and the case remanded for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA