NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JESSICA SIQUEIROS, *Petitioner/Appellee*,

*v.*

GABRIEL VALENZUELA, *Respondent/Appellant*.

No. 1 CA-CV 22-0370 FC

FILED 3-14-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-050947
The Honorable Scott A. Blaney, Judge

**AFFIRMED**

COUNSEL

Law Office of Katherine Kraus, PLLC, Peoria
By Kimberley A. Staley
*Counsel for Petitioner/Appellee*

Rose & Associates, PLLC, Chandler
By Timothy J. Rose
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Michael J. Brown and Judge Michael S. Catlett joined.

---

**M c M U R D I E**, Judge:

¶1        Gabriel Valenzuela ("Husband") purports to appeal from the superior court's judgment accepting a consent decree lodged by Jessica Siqueiros ("Wife") and from the court's order awarding Wife's attorney's fees. We have jurisdiction to consider only Husband's challenge to the fee award, and we find no error and affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Wife petitioned for dissolution and lodged a consent decree signed by both parties. Husband objected to the lodged decree. On November 5, 2021, the superior court ruled in Wife's favor, adopted the decree, and awarded Wife a portion of her reasonable attorney's fees. On November 19, Wife submitted her attorney's fees application.

¶3        Husband moved for reconsideration. On December 7, the court denied the motion in a minute entry signed "as a formal, final, and appealable [o]rder" under Arizona Rule of Family Law Procedure ("Rule") 78(c). Husband appealed this order on January 6, 2022. He eventually abandoned the appeal by failing to pay the filing fee. *See* A.R.S. § 12-322(A).

¶4        On January 31, the superior court awarded Wife over $5,000 in reasonable attorney's fees. The January 31 order lacked Rule 78 finality language. At Wife's request, the court amended the attorney's fees order on May 12, 2022, to include finality language.

¶5        Husband then appealed "from the judgments/orders entered on May 12, 2022."

## DISCUSSION

### A.    We Have Jurisdiction to Consider Only Husband's Challenge to the Attorney's Fees Award.

**¶6**    "We have an independent obligation to determine whether we have appellate jurisdiction and must dismiss those matters over which we lack jurisdiction." *Gish v. Greyson*, 253 Ariz. 437, 442, ¶ 19 (App. 2022) (citing *Dabrowski v. Bartlett*, 246 Ariz. 504, 511, ¶ 13 (App. 2019)). "This court's appellate jurisdiction is defined, and limited, by the Legislature." *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 426, ¶ 4 (App. 2016). "Whether this court has appellate jurisdiction turns on compliance with (1) the applicable statute on which appellate jurisdiction is based and (2) any applicable procedural rules." *Yee v. Yee*, 251 Ariz. 71, 74–75, ¶ 8 (App. 2021). As relevant here, a party may appeal "[f]rom a final judgment entered in an action . . . commenced in a superior court" or "[f]rom any special order made after final judgment." A.R.S. § 12-2101(A)(1), (2).

**¶7**    Generally, if a party files a notice of appeal before a final judgment—such as while a determination of the amount of attorney's fees remains pending—the notice is "ineffective." *Ghadimi v. Soraya*, 230 Ariz. 621, 623–24, ¶¶ 12–14 (App. 2012); *see also Craig v. Craig*, 227 Ariz. 105, 107, ¶ 13 (2011). But "[i]f a party asserts a claim for attorney fees . . . and a judgment is entered under [Rule 78] that omits a ruling on the claim, the claim is deemed denied" unless a party moves to amend the judgment. Ariz. R. Fam. Law P. 78(e)(3).

**¶8**    Wife applied for attorney's fees on November 19, 2021. With that application pending, the court denied Husband's motion for reconsideration on December 7 in a final order under Rule 78(c). So under Rule 78(e)(3), the claim for attorney's fees was "deemed denied." As a result, Husband's appeal "from the judgments/orders entered on December 7, 2021" was effective. But Husband abandoned that appeal. Thus, the issues resolved in the December 7 judgment are final. *See Fields v. Oates*, 230 Ariz. 411, 416–17, ¶ 22 (App. 2012) (If successive judgments are entered, unless the later judgment alters substantive rights or obligations, the time to appeal runs from the earlier "final" judgment.).

¶9         Still, the court awarded Wife over $5,000 in attorney's fees on January 31.[1] On May 12, the court amended the attorney's fees order *nunc pro tunc* to include Rule 78 finality language. Husband appealed "from the judgments/orders entered on May 12, 2022."

¶10         Husband erroneously designated the *nunc pro tunc* order as the judgment from which he now appeals. *See* ARCAP 8(c)(3) (A notice of appeal must "[d]esignate the judgment . . . from which the party is appealing."). That said, we generally construe notices of appeal liberally if the result would not be misleading or prejudicial to the parties. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 350, ¶ 30 (App. 1998). For example, a mistaken date may be viewed as a "mere technical error" and should not prevent a court from reaching the merits of the appeal. *Hanen v. Willis*, 102 Ariz. 6, 9 (1967).

¶11         Husband appealed the order that amended the attorney's fees award. We are thus satisfied that Husband appealed the January 31 attorney's fees award.

¶12         In his opening brief, Husband raises four issues arising from the court's November 5 and December 7 orders and only one issue challenging the attorney's fees award. Husband abandoned his appeal from the initial rulings, so we lack jurisdiction to consider those issues. *Dabrowski*, 246 Ariz. at 511, ¶ 13. But we have jurisdiction to review his challenge to the attorney's fees award under A.R.S. § 12-2101(A)(2) (A party may appeal "[f]rom any special order made after final judgment.").

**B.     The Superior Court Did Not Abuse Its Discretion by Awarding Wife Attorney's Fees.**

¶13         The superior court awarded Wife her attorney's fees under Rule 69(c), which permits a court to award fees under A.R.S. § 25-324. We review a fee award under A.R.S. § 25-324 for an abuse of discretion. *Ferrill v. Ferrill*, 253 Ariz. 393, 396, ¶ 8 (App. 2022).

¶14         Husband argues the court erred by awarding Wife fees because the "court's entire finding was based on the false premise that the parties actually discussed the issues Husband objected to." But the court found Husband's testimony not credible and found that the parties had

---

[1]     Husband could have challenged this determination as improper under Rule 78(e)(3), but he did not, and thus the issue is now waived. *Lunney v. State*, 244 Ariz. 170, 181, ¶ 40 (App. 2017) ("Issues not raised before the superior court are waived on appeal.").

4

discussed the terms of their agreement. In any event, because Husband abandoned his appeal of the December 7 judgment, the only matter correctly before us is the superior court's January 31 order setting the *amount* of attorney's fees. Husband has not challenged the award amount in the superior court or on appeal. The superior court did not abuse its discretion by awarding Wife the fees she incurred defending the agreement's validity.

## ATTORNEY'S FEES AND COSTS

**¶15**        Both parties request their fees and costs on appeal under Rule 69(c) and A.R.S. § 25-324. Husband unreasonably raised arguments abandoned and precluded. Thus, per our discretion, we award Wife her reasonable attorney's fees and costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶16**        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA