NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

BEN GALLEGOS, *Petitioner/Appellant*,

*v.*

AMANDA WILDENSTEIN, *Respondent/Appellee*.

No. 1 CA-CV 24-0899 FC

FILED 10-01-2025

Appeal from the Superior Court in Maricopa County
No. FC2021-091424
The Honorable Lisa Stelly Wahlin, Judge

**AFFIRMED**

COUNSEL

Ben Gallegos
*Petitioner/Appellant*

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge David D. Weinzweig and Judge Cynthia J. Bailey joined.

---

**P E R K I N S**, Judge:

¶1        Ben Gallegos ("Father") appeals from the superior court's order that granted Amanda Wildenstein ("Mother") sole legal decision-making and increased parenting time. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Father were in a long-term relationship but never married. Mother gave birth to Lucy (a pseudonym) in 2014. In 2021, Father filed a petition and motion for temporary orders requesting joint legal decision-making and a parenting plan. The superior court issued temporary orders, awarding joint legal decision-making, equal parenting time, and child support to Mother.

¶3        In April 2022, Mother moved to suspend Father's parenting time, alleging he was using cocaine. The court ordered Father to undergo random drug testing. In January 2023, the court awarded joint legal decision-making, equal parenting time, and increased Father's child-support obligation. But because "Father failed to follow the Court's [drug-testing order] multiple times," Father's parenting time had to be supervised until he completed six months of random drug testing. In August 2023, Father moved to terminate the drug-testing order, claiming to have completed the testing. The court denied the motion, finding that Father "pick[ed] and [chose] when he want[ed] to test" and thus failed to comply with the random drug-testing order.

¶4        In May 2024, Father's attorney withdrew, and he proceeded unrepresented. Mother petitioned to modify legal decision-making and parenting time. In October 2024, the court held an evidentiary hearing and awarded Mother sole legal decision-making, increased Father's child support obligation, and reduced Father's parenting time to every other weekend, which had to be supervised until he completed six months of

random drug testing. The court awarded Mother attorney fees, directed Mother to file a *China Doll* affidavit, and signed the order.

**¶5** Mother filed a *China Doll* affidavit on November 8. Father filed a notice of appeal from the order on November 15, but filed no response to the *China Doll* affidavit. On December 10, the court issued a signed order, awarding Mother her requested fees. Father did not file a supplemental notice of appeal.

**¶6** We have jurisdiction to review the October 2024 order, *see* A.R.S. § 12-2101, but as explained *infra* ¶¶ 20–21, we do not have jurisdiction to review the attorney fee award.

## DISCUSSION

**¶7** Father challenges the court's decision on legal decision-making, parenting time, and attorney fees. Our handling of Father's arguments is hampered for several reasons. First, Father did not meet his obligation to provide the transcript of the October 2024 hearing. *See* Ariz. R. Civ. App. P. 11(c). Second, he has waived any challenge to the court's child support order by failing to raise it in his opening brief or reply brief. Father first addressed child support in a motion filed after the close of briefing. *See Ramos v. Nichols*, 252 Ariz. 519, 523, ¶ 11 (App. 2022) (appellant waives arguments "by not presenting them in his opening brief"). Third, Father asks us to order the superior court to interview Lucy to ascertain her best interests, but he failed to make that request to the superior court first. While the superior court may conduct such an interview in certain circumstances, *see* A.R.S. § 25-405(a); Ariz. R. Fam. Law P. 12(a), we will not order it to do so here.

### I. Legal decision-making and parenting time

**¶8** We review an award of legal decision-making and parenting time for an abuse of discretion. *Gish v. Greyson*, 253 Ariz. 437, 444, ¶ 31 (App. 2022). The court abuses its discretion by making a legal error in reaching a discretionary conclusion, or if the record is devoid of evidence to support the decision. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018). We defer to the court's findings of fact unless they are clearly erroneous. *Id.* When a party fails to provide a transcript, we must assume the court "evaluated all relevant factors and made any necessary findings to support its ruling," *Aguirre v. Robert Forrest, P.A.*, 186 Ariz. 393, 397 (App. 1996), and that the transcripts "would support the court's findings and conclusions," *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

¶9 To modify legal decision-making and parenting time, the court must first "ascertain whether there has been a change of circumstances materially affecting the welfare of the child," then it must "determine whether a change in custody will be in the best interests of the child." *Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020) (cleaned up).

### A. Change of circumstances

¶10 Father argues no "substantial and continuing change of circumstances" occurred, and that the court based its ruling on "unfounded allegations" and disregarded evidence of his negative drug tests.

¶11 The court did not make an express finding that there was a change in circumstances materially affecting Lucy, but nothing in Section 25-411(J) requires an express finding. *See Hart v. Hart*, 220 Ariz. 183, 187, ¶¶ 16–17 (App. 2009). We can infer that the court found a change in circumstances if the evidence supports that finding and does not conflict with the court's express findings. *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 297, ¶ 19 (App. 2020).

¶12 The court found that Father failed to comply with the prior drug-testing order, which constitutes a material change in circumstances. *See Yanez v. Sanchez*, 257 Ariz. 302, 308, ¶ 28 (App. 2024) (a parent's failure to adhere to the previous joint legal decision-making order supports a material change-in-circumstances finding). Because Father has not provided the hearing transcript, we must assume record evidence supports the court's finding that Father failed to comply with the drug-testing order. *See Baker*, 183 Ariz. at 73; *Engstrom*, 243 Ariz. at 471, ¶ 4 (we affirm factual findings unless the record is devoid of evidence to support them).

¶13 In any event, Father's argument fails because it incorrectly contends that the court failed to consider his "multiple negative drug tests." The court explicitly considered Father's negative drug tests. It found that Father failed to comply with the random drug-testing order because he submitted them "at his convenience" and because the court could not "determine the efficacy of tests from unknown laboratories with unknown drug cut-off levels." Therefore, the court's implied material change-of-circumstances finding was not an abuse of discretion.

### B. Best interests

¶14 Father argues the court failed to properly weigh the Arizona Revised Statutes Section 25-403 best-interests factors by "disregarding clear

evidence of abuse in [Mother's] home." A court may only modify legal decision-making and parenting time if it makes "specific findings about all relevant [Section 25-403(A)] factors and the reasons" why the modifications are "in the best interests of the child." A.R.S. § 25-403(B). "We will not substitute our judgment by reweighing the evidence underlying the court's best-interests analysis." *Backstrand*, 250 Ariz. at 346, ¶ 27.

¶15　　　Here, the court made written findings on all the statutory factors and the reasons it was in Lucy's best interests to modify legal decision-making and parenting time. The court took "an adverse inference from Father's lack of cooperation with drug testing." It found that Lucy was often late or absent from school during Father's parenting time and that Father had returned Lucy with dirty clothes and matted hair. The court found that Mother was more likely than Father to allow frequent, meaningful, and continuing contact with the other parent. And it found that "no credible evidence" showed "there ha[d] been domestic violence or child abuse." Without the hearing transcript, we cannot conclude the evidence fails to reasonably support these findings.

¶16　　　Even if we were to credit Father's assertion that "multiple witnesses testified regarding abuse and neglect in [Mother's] home," nothing indicates this testimony would disturb the court's finding to the contrary. None of the exhibits admitted at the hearing substantiate abuse or neglect by Mother. And any testimony alleging abuse or neglect was subject to the superior court's credibility determinations, to which we defer. Therefore, we conclude the court did not abuse its discretion by awarding Mother sole legal decision-making and increased parenting time.

¶17　　　Father also argues the court erred by imposing supervised parenting time without considering his negative drug tests or his involvement in Lucy's life. The court may require that parenting time be supervised if "it finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health." A.R.S. § 25-411(J). Indeed, the court found that "allowing [Father] to have unsupervised parenting time with [Lucy] would or could endanger seriously [Lucy's] physical, mental, or moral health or would significantly impair [Lucy's] emotional development," based on "Father's continued refusal to submit to court-ordered [drug] testing."

¶18　　　Again, the court did consider Father's negative drug tests, and because Father has not provided the hearing transcript, we must assume the testimony confirms the court's finding that Father failed to comply with the drug-testing order. Also, no exhibits admitted at the

hearing or elsewhere in the record show that Father complied with the drug-testing order for the requisite length of time. We also must presume the court considered any evidence admitted at trial regarding Father's involvement in Lucy's life. *Fuentes v. Fuentes*, 209 Ariz. 51, 55–56, ¶ 18 (App. 2004) (we presume the court considered all evidence admitted). And Father has not shown the court failed to consider that evidence. In fact, the court found that "Father and [Lucy] have a strong bond," and that "Father has been a constant in [Lucy's] life since birth."

## II.    Attorney fee award

**¶19**        We do not have jurisdiction to review Father's challenge to the court's attorney fee award. Until the superior court decides that a party is entitled to fees "and awards an amount, the court cannot certify any portion of the attorney fee claim under Rule 78(b)." *Hernandez v. Athey*, 256 Ariz. 530, 533, ¶ 8 (App. 2023) (cleaned up). Parties may appeal an award of attorney fees only once the "entire claim has been resolved." *Id.* at ¶ 9. "If a notice of appeal is premature, we lack jurisdiction to hear the action unless . . . the only remaining task is merely ministerial." *Ghadimi v. Soraya*, 230 Ariz. 621, 622, ¶ 8 (App. 2012) (cleaned up). "[D]etermining the amount of attorney fees and costs to be paid [is] discretionary and not merely ministerial." *Id.* at 623, ¶ 13.

**¶20**        The October 2024 order awarded Mother fees pending "all necessary and appropriate documentation." That order did not determine the amount of fees. Father's November 15 notice of appeal was therefore premature regarding the fee award. Because Father never filed a supplemental notice of appeal after the court determined the amount of fees in the December 10 order, we lack jurisdiction to review the fee award.

**¶21**        Mother requests attorney fees on appeal under Section 25-324. After considering the relevant factors, we grant Mother's request and award her reasonable attorney fees and costs on appeal upon compliance with ARCAP 21. *See* A.R.S. § 25-324.

## CONCLUSION

**¶22**        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR